VIGNIE *vs.* SAULET.

EASTERN DIS.
*June*, 1841.

APPEAL FROM THE PARISH COURT FOR THE PARISH AND CITY OF NEW

ORLEANS.

VIGNIE,
*vs.*
SAULET.

Where the construction of an agreement leaves it doubtful whether the agent was entitled to commissions on certain notes received in payment, or only on *monies* received, and the jury find a verdict in the affirmative, it will not be disturbed.

This is an action by an agent to recover certain commissions on monies and notes collected and received in payment, for his principal, in the absence of the latter under written agreement. The defendant agreed to give the plaintiff five per cent. commission on all his collections, but avers it was never intended that a commission should be charged on monies collected through bank, or on the amount of promissory notes received in payment of other debts. On this ground the defendant refused to allow the plaintiff's account for commissions.

The cause was submitted to a jury who returned a verdict for the plaintiff, and from judgment rendered thereon the defendant appealed.

*Roselius,* for the plaintiff.

*Pichot,* for defendant.

*Morphy, J.* delivered the opinion of the court.

The plaintiff claims as attorney in fact of defendant, $2358 05, being a commission of five per cent. on $47,160 26, the amount alleged to have been collected or received for account of defendant during his absence. This charge is predicated on a special contract, by which defendant agreed to allow his agent five per cent. on all sums which should be received ; the expressions used in the agreement are " *Je suis convenu de donner à Mr. J. B. Vignié cinq pour cent sur toutes les rentrées.*" The defendant admits the agency of plaintiff and the agreement under which he claims, but he avers that it was never intended that a commission should be charged by his

attorney in fact on monies collected for him by the bank. He objects also to any commission being charged on certain notes received in payment, part of which have been protested ; and on certain monies paid over to plaintiff as his agent by Plauché; the same being for house rent and slaves' hire collected by the latter. In answer to certain interrogatories tending to show that plaintiff was guilty of a misrepresentation as to the rate of commission which he charged to others for similar services; plaintiff declared that when defendant applied to him to take charge of his affairs, he observed to defendant, that as his fortune was large and required great attention and labor on the part of his agent, he would not take the agency unless he would give him a commission of five per cent on all funds received during his absence, that defendant agreed to this without any inquiry as to the rate of commission charged to other persons ; that this commission was stipulated in order to simplify the keeping of the accounts ; both parties well knowing that various important services were to be rendered and have been rendered for which no commission or compensation is charged; and that moreover he charges the same rate of commission to all persons residing in France whose business he transacts as agent. The case was tried before a jury who gave plaintiff a verdict ; after ineffectually attempting to set it aside, defendant appealed.

The only part of plaintiff's claim on which there is some doubt in our minds is that portion of the commission charged on two notes of F. W. Lea received by plaintiff in payment of a debt due to defendant by Lindor Saulet, on whose property it was secured by mortgage. In a sale made to Lea by the debtor, plaintiff intervened and received these notes. In the expression *rentrées* used in defendant's agreement, it is doubtful whether notes and monied obligations were intended to be included ; the jury perhaps thought that a liberal construction should be given to this agreement when they considered that the written instructions left to his agent by defendant, and the account rendered by plaintiff amounting to $114,615 42, show

numerous disbursements and other services for which no charge EASTERN DIS.
is made, and that a larger compensation might have been June, 1841.
claimed, had there been no special contract and had the custo- LEE & HARDY,
mary charges been made for all the services rendered, such as PALMER ET AL.
disbursements, compromises, sales effected, &c., the verdict is
not so clearly erroneous as to make it our duty to disturb it.

It is therefore ordered that the judgment of the Parish Court
be affirmed with costs.